IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| JAMES A. POWERS | |
| | : |
| v. | : Civil Action No. DKC 23-2869 |
| | : |
| ACTIVE NETWORK, LLC, et al. | |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this data use case brought by Plaintiff James A. Powers ("Plaintiff") are motions to dismiss filed by Defendants Global Payments, Inc. ("Global") and ACTIVE Network, LLC ("Active") (ECF No. 27), and Defendant Vista Equity Partners Management, LLC ("Vista," and collectively, "Defendants"). (ECF No. 30). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions to dismiss will be granted.

## I.  Background

The following facts and allegations are set forth in the complaint and construed in the light most favorable to Plaintiff.

The facts alleged are sparse and vague. Plaintiff, proceeding *pro se*, is a citizen of Montgomery County, Maryland ("County"), and he registered to use the County swimming pools through Defendant Active. (ECF Nos. 1 ¶ 29; 1-3 ¶ 7). Active is a

government technology contractor for local governments that helps process data and deliver government services online. (ECF No. 1 ¶ 2-3). Plaintiff alleges that Active is operated by Defendants Global and Vista. (*Id.*).

According to Plaintiff, Defendants took his personal information when he registered through Active to use the County's pools. (ECF No. 1-3 ¶ 7). Plaintiff attaches images from his computer screen showing that he provided his name, address, phone number, email address, and emergency contact information when he created his Active account. (ECF No. 1-9, at 2-11).

Plaintiff concludes that Defendants are engaged in a "conspiracy" and "use positions of trust and public service to intentionally violate civil rights while secretly stealing [his and other individuals'] data and behaviors." (ECF No. 1 ¶ 1). Plaintiff alleges that Defendants "prey on small local governments" including the County by "pos[ing] as ordinary government technology contractors." (*Id.*). Defendants allegedly use "unfair methods of competition" to gain "secret, unpublished contracts" with the local governments. (*Id.*).

Plaintiff contends that, in the County, Defendants "operat[ed] a commercial spyware platform from inside [the] County's recreation, camps[,] and education services website. (*Id.*). Plaintiff alleges that the system "allows the Defendants to take and commercially use an individual's personal data and

2

online behaviors pursuant to the voluntary and informed consent given by that individual." (ECF No. 1, ¶ 18.e). Plaintiff further alleges that Defendants Vista and Global benefit from this "illegal data mining," although he asserts that it is "unclear how they coordinate their control and use of A[ctive]." (ECF No. 1 ¶ 42).

Plaintiff asserts that "[a]ll data collection activities by Defendants are undertaken without ever providing lawful, clear, or complete online terms or data privacy protections for the citizen data they take and profit from." (ECF No. 1-3, ¶ 8). Plaintiff alleges that Defendants used the service they provide to the government to "embezzle Citizens Data"[1] and "illegally strip away" his and other "citizens' civil rights" for seven years. (ECF No. 1 ¶ 2). Plaintiff contends that:

> [His] harms here span years and [he] still cannot understand the full extent of [his] loss because of the Defendants' actions, by which they continue to actively conceal their taking and use of [his] and others' data. Pursuing recovery of [his] civil and data rights here has taken immense time, money, and effort, and damages include time, physical pain, and emotional impacts have cost damages exceeding $1 million and in amount to be proven at trial.

(ECF No. 1, at 32).

---

[1] Plaintiff defines "Citizens Data" as "personally and non-personally identifiable information and online behaviors and clickstreams." (ECF No. 1, ¶ 1 n.1).

Plaintiff alleges that Defendants left the County, taking with them his and other citizens' data as well as "rights to 1) use [their] current data and 2) gather additional data about us in the future." (ECF No. 1-3 ¶ 3). Plaintiff alleges that Defendants continue this behavior in other places in Maryland, like Howard County. (ECF No. 1 ¶ 2).

On October 23, 2023, Plaintiff filed a complaint against Defendants, alleging violations of United States and Maryland civil and constitutional rights, data misappropriation, and violations of Maryland Consumer Protection Statutes. (ECF No. 1, ¶¶ 37-60). Plaintiff asserts both federal question and diversity jurisdiction, and brings the following "claims" in his complaint, each against all Defendants:

1) "Conspiracy and Intentional Violation of US and Maryland Civil and Constitutional Rights (42 U.S.C. 1983 & 1985)"

2) "Data Misappropriation and Violation of Maryland Consumer Protection Statutes"

3) Request for a "special master or other function to coordinate this civil litigation with the work of Montgomery County Inspector General" under the "Federal Declaratory [Judgment] Act 18 USC 2201"

(ECF No. 1 ¶¶ 37-60). Plaintiff seeks injunctive relief, damages, and "public examination." (*Id.* at 31-34).

On March 8, 2024, Defendants Global and Active filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, and Defendant Vista filed a motion to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and for failure to state a claim.[2]  (ECF Nos. 27, 30).  On April 8, 2024, Plaintiff filed a consolidated response in opposition to Defendants' motions to dismiss.  (ECF No. 36).  On April 19, 2024, Defendants Global and Active and Defendant Vista filed replies to Plaintiff's response in opposition to their motions to dismiss.  (ECF Nos. 37, 38).

## II.  Standard of Review

A defendant may raise the issue of standing on a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) because standing challenges a court's authority to hear the matter.  *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). When a defendant challenges subject matter jurisdiction facially, as here, the plaintiff "is afforded the same procedural protection" as under Fed.R.Civ.P. 12(b)(6). *Wikimedia Found. v. NSA*, 857 F.3d 193, 208 (4th Cir. 2017) (quotation omitted).  That is, the court must accept all well-pleaded allegations in the complaint as true and draw all

---

[2] Defendants point out that Plaintiff, while proceeding *pro se*, has had legal education and is disbarred or suspended in several states.  (ECF Nos. 27, at 2 n.1; 30, at 13 n.6).

reasonable inferences in the light most favorable to the plaintiff. *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).

Nevertheless, Fed.R.Civ.P. 12(b)(6) requires a plaintiff to satisfy Fed.R.Civ.P. 8(a)(2) and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

"As a general rule, the court does not consider extrinsic evidence at the motion to dismiss stage[.]" *Faulkenberry v. U.S. Dep't of Def.*, 670 F.Supp.3d 234, 249 (D.Md. 2023) (quoting *Reamer v. State Auto. Mut. Ins. Co.*, 556 F.Supp.3d 544, 549 (D.Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022)). "However, 'the court may consider, without converting the motion to dismiss into one for summary judgment, documents attached to the complaint as exhibits, and documents attached to a motion to dismiss if the document is integral to the complaint and there is no dispute about the document's authenticity.'" *Faulkenberry*, 670 F.Supp.3d at 249 (quoting *Reamer*, 556 F.Supp.3d at 549). "A

document is integral to the complaint if its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Faulkenberry*, 670 F.Supp.3d at 249 (quoting *Reamer*, 556 F.Supp.3d at 549) (internal quotation marks omitted).

Plaintiff's complaint includes an affidavit and multiple documents attached as exhibits.

## III. Lack of Subject Matter Jurisdiction

Defendants argue that this court lacks subject matter jurisdiction because Plaintiff has not alleged an injury in fact necessary to establish standing. (ECF Nos. 27, at 6-8; 30, at 17-18). Plaintiff seems to argue that Defendants' "taking" of his and other citizens' data constitutes an injury in fact sufficient for standing. (ECF No. 1 ¶¶ 1-2). Although these words do not appear in the complaint, he asserts that "[m]y injuries here are actual—the Defendants have my personal contact data and have used it to contact and market to me." (ECF No. 36 at 7.)

Article III of the United States Constitution limits the jurisdiction of federal courts to adjudicating actual "[c]ases" and "[c]ontroversies." U.S. Const., art. III, § 2. As explained in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), a plaintiff must satisfy three elements to establish Article III standing:

> First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent,

7

> not conjectural or hypothetical. Second,
> there must be a causal connection between the
> injury and the conduct complained of — the
> injury has to be fairly traceable to the
> challenged action of the defendant, and not
> the result of the independent action of some
> third party not before the court. Third, it
> must be likely, as opposed to merely
> speculative, that the injury will be redressed
> by a favorable decision.

*Id.* (internal quotation marks and citations omitted).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally-protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560. (1991)).

"For an injury to be traceable, 'there must be a causal connection between the injury and the conduct complained of' by the plaintiff." *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 760 (4th Cir. 2018) (quoting *Lujan*, 504 U.S. at 560). However, "the defendant's conduct need not be the last link in the causal chain[.]" *Id.; see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014) ("Proximate causation is not a requirement of Article III standing[.]"). "[W]here the plaintiff suffers an injury that is 'produced by [the] determinative or coercive effect' of the defendant's conduct 'upon the action of someone else,'" the traceability requirement is satisfied. *Lansdowne on the Potomac Homeowners Ass'n, Inc. v.*

*OpenBand & Lansdowne, LLC*, 713 F.3d 187, 197 (4th Cir. 2013) (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997)).

Plaintiff alleges that he was injured when Defendants collected Plaintiff's personal data when he signed up to use the County's pools. (ECF Nos. 1 ¶ 1; 1-3 ¶ 7). He alleges that Defendants "embezzle[d] Citizens Data" and "illegally strip[ped] away" his and other "citizens' civil rights" for seven years. (ECF No. 1 ¶ 2). Plaintiff broadly states that Defendants' actions have caused him to suffer damages in excess of $1 million for his time, physical pain, and emotional impacts. (*Id.* at 32). At the same time, Plaintiff states that he "cannot understand the full extent of [his] loss." (*Id.*).

Defendants Global and Active argue, among other things, that Plaintiff does not meet the requirements for an injury in fact because Plaintiff accepted Active's data practices terms, and Plaintiff does not allege that Defendants breached the Active terms in collecting his data. (ECF Nos. 27, at 6-8).

Additionally, Defendants Global and Active argue that even if Plaintiff had not accepted Active's terms, "reasonable use and disclosure of [Plaintiff's] data to provide [Plaintiff] online services" does not alone constitute an injury in fact. (ECF No. 27, at 8). Similarly, Defendant Vista argues that even "improper disclosure of 'personal information'" does not by itself constitute an injury in fact. (ECF No. 30, at 17).

In Plaintiff's consolidated response in opposition to Defendants' motions to dismiss, Plaintiff asks the court to deny the motions to dismiss and to order "limited jurisdictional focused discovery" to allow him to "secure[] access to information and documents the Defendants have and continue to conceal" and then use the information to amend his complaint. (ECF No. 36, at 1, 13). Plaintiff also repeats many of the facts and allegations from his complaint and seems to add additional allegations as well. Relevant to the issue of standing, Plaintiff alleges he has standing because he has been injured by being unable to use his local county government services for several years. (*Id.* at 9).

In Defendants Global and Active's reply in support of their motion to dismiss, they argue that Plaintiff cannot amend his complaint through his response brief. (ECF No. 37, at 2). Defendants Global and Active argue that even with the new facts, Plaintiff still lacks an injury sufficient to establish standing for subject matter jurisdiction. (*Id.* at 6-8). Additionally, Defendants Global and Active argue that Plaintiff still fails to state a claim. (*Id.* at 8-11). Lastly, Defendants Global and Active oppose jurisdictional discovery, arguing that there is no basis to grant it in this case. (*Id.* at 11).

In Defendant Vista's reply in support of its motion to dismiss, it argues that Plaintiff still has not established personal jurisdiction over Defendant Vista, this court lacks

10

subject matter jurisdiction because Plaintiff still has not alleged an injury sufficient for standing, and Plaintiff still has failed to state a claim. (ECF No. 38, at 6-8).

Defendants misconstrue portions of the complaint, analogizing the situation to a data breach, and citing to data breach cases. They argue that Plaintiff has not alleged that he suffered identity theft, fraud, or other additional injury or "substantial risk" of harm that is caused by the alleged "stealing" of his data. *Beck v. McDonald*, 848 F.3d 262, 275 (4th Cir. 2017). Plaintiff has not, however, alleged a data breach. Instead, he argues that he suffers an injury because he is required to give his personal information to access government services, and his personal information is then commercialized. (ECF Nos. 1, ¶ 18.e; 36 at 7.)

It is not necessary to determine whether Plaintiff's sparse allegations that tying a government benefit to disclosure of personal data to a private contractor for commercial use satisfy the injury element of standing. Even if Plaintiff can establish an injury in fact, Plaintiff has not established the other two elements of standing: causation and redressability.[3]

The United States Court of Appeals for the Fourth Circuit has stated:

---

[3] Defendants challenge Plaintiff's standing and recite all three requirements, although they focus on the first. A court may raise and decide issues of standing *sua sponte*. *Disability Rights South Carolina v. McMaster*, 24 F.4th 893, 899-900 (4th Cir. 2022).

> The traceability and redressability prongs become problematic when third persons not party to the litigation must act in order for an injury to arise or be cured. "An injury sufficient to meet the causation and redressability elements of the standing inquiry must result from the actions of the respondent, not from the actions of a third party beyond the Court's control."

*Doe v. Va. Dep't of State Police*, 713 F.3d 745, 755 (4th Cir. 2013) (quoting *Mirant Potomac River, LLC v. EPA*, 577 F.3d 223, 226 (4th Cir. 2009)).

More recently, the Fourth Circuit noted that "where multiple actors are involved, a plaintiff can establish causation only if the defendant's conduct had a 'determinative or coercive effect upon the action of someone else.'" *Alvarez v. Becerra*, No. 21-2317, 2023 WL 2908819, at *3 (4th Cir. Apr. 12, 2023) (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997)).

Plaintiff has acknowledged that Defendants' actions would be permissible in a private context. (ECF No. 1 ¶ 18-19). Nevertheless, he alleges that because Defendants contract with the County and other local governments, Defendants' actions are illegal. *Id.* While Plaintiff spends much of the complaint discussing the County's role, Plaintiff has not sued the County or any other local government. Plaintiff's alleged injury is because of the County's involvement in Defendants' actions, and the County's actions are "actions of a third party beyond the Court's control." *Doe*, 713 F.3d at 755 (quoting *Mirant Potomac River,*

12

*LLC,* 577 F.3d at 226).  Therefore, causation and redressability are "problematic" because the County, which is "not party to the litigation," had to act for Plaintiff's alleged injury "to arise," and the County is the party that must act for Plaintiff's alleged injury to "be cured."  *Doe*, 713 F.3d at 755.

Moreover, Plaintiff has not properly alleged that Defendants' conduct had a "determinative or coercive effect" on the County or other local governments.  *Alvarez*, 2023 WL 2908819, at *3 (quoting *Bennett*, 520 U.S. at 169).  Plaintiff appears to allege that Defendant Active "may be giving local government officials free and discounted data and services as 'bribes' to induce local officials to let A[ctive] data mine," (ECF No. 1 ¶ 27.e.), and Plaintiff "believe[s] Montgomery County officials allowed A[ctive]'s illegal data mining in exchange for free or subsidized data or services from the Defendants." (*Id.* ¶ 6.1).  Plaintiff however does not support his allegations with well-pleaded facts. Plaintiff merely makes conclusory allegations and states that "[d]iscovery will explore what and how A[ctive] and the Defendants co-opt local governments." (*Id.* ¶ 27.e.)

"Under the pleading standard the Supreme Court of the United States articulated in *Twombly* and *Iqbal*, a complaint's conclusory allegations based solely 'upon information and belief' are 'insufficient to defeat a motion to dismiss.'" *Van Buren v. Walmart, Inc.*, 611 F.Supp.3d 30, 36-37 (D.Md. 2020), *aff'd*, 855

13

F.App'x 156 (4th Cir. 2021) (quoting *Harman v. Unisys Corp.*, 356

F.App'x 638, 640–41 (4th Cir. 2009)).  Further,

> As Judge Grimm has noted, it is important to
> differentiate "between a case in which pleading
> 'upon information and belief' is used as an inadequate
> substitute for providing detail as to why the element is
> present in an action ... [and the] proper use of
> 'upon information and belief,' where a plaintiff does
> not have personal knowledge of the facts being
> asserted." *Malibu Media[, LLC v. Doe*, No. 13-365-PWG],
> 2014 WL 7188822, at *4 [(D.Md. Dec. 16, 2014)](citations
> and internal quotation marks omitted). "'[P]leading on
> the basis of information and belief is generally
> appropriate' where information is 'particularly within
> defendants' knowledge and control.'" *Kajoshaj v. N.Y.C.
> Dept. of Educ.*, 543 F.App'x 11, 16 (2<sup>d</sup> Cir.
> 2013) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2<sup>d</sup>
> Cir. 2008)).

*Van Buren*, 611 F.Supp.3d at 37.

Even if information is "particularly within defendants'

knowledge and control," conclusory pleading is not permitted:

"Pleading on information and belief is a desirable and essential

expedient when matters that are necessary to complete the statement

of a claim are not within the knowledge of the plaintiff *but he

has sufficient data to justify interposing an allegation on the

subject*."  5 C. Wright & A. Miller, Federal Practice and Procedure

§ 1224 (3d ed., April 2019 update) (emphasis added).

Plaintiff's bribery and coercion allegation, like much of his

complaint, relies far too heavily on Plaintiff's beliefs without

including sufficient substantive facts to support the information

and beliefs alleged.  Therefore, the bribery allegation is

insufficient to show that Defendants' conduct had a "determinative or coercive effect" on the County, and Plaintiff cannot establish causation and redressability.

Plaintiff has failed to establish causation and redressability necessary for Article III standing.  Therefore, this court lacks jurisdiction to hear his claims, and his claims will be dismissed.

Plaintiff also requests discovery concerning jurisdictional issues.  "[T]he decision whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court." *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002).  A plaintiff must conduct an adequate pre-filing investigation to allege sufficient facts. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Cntrs., Inc.,* 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery."); *see also* Fed.R.Civ.P. 11(b)(3).  A litigant is not permitted to file an inadequate complaint and then search for facts to support a claim. Plaintiff's request for discovery is denied.

Given the lack of factual support for standing, and, frankly, the deficient factual allegations of any sort, analysis of the

personal jurisdictional issue or adequacy of any claim need not proceed.

**IV.  Conclusion**

    For the foregoing reasons, both motions to dismiss will be granted.  A separate order will follow.

 

                                                /s/
                                DEBORAH K. CHASANOW
                                United States District Judge